IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DARON J. RODGERS,                          )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )  Civ. No. 07-203-***
                                           )
CARL DANBERG, DETECTIVE                    )
SHRINNER, MAYOR KENNY                      )
BRANNER, TIMOTHY TEARL, MARIA              )
T. KNOLL, CHIEF COL. RICK                  )
GREGORY, and RUTH ANN MINNER,              )
                                           )
            Defendants.                    )

```
            FILED

           JUL  1 2 2007

       U.S. DISTRICT COURT
       DISTRICT OF DELAWARE
```

**MEMORANDUM**

The plaintiff, Daron J. Rodgers ("Rodgers"), an inmate at the Howard R. Young

Correctional Institution ("HRYCI") filed this action pursuant to 42 U.S.C. § 1983.  He appears

*pro se* and was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915.  (D.I. 5.)  The

court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and §

1915A.

For the reasons discussed below, the complaint will be dismissed without prejudice for

failure to state a claim up which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and

§ 1915A(b)(1).  Rodgers is given leave to amend the complaint.

**I.    THE COMPLAINT**

Rodgers alleges that on August 30, 2003, he was accused of a crime he did not commit

and taken to the HYRCI where he waited for months until he was sentenced to Level IV.  He

alleges he received three years for his violation of probation ("VOP").  The case went to trial on

March 30, 2005, and a jury found Rodgers not guilty.  Rodgers alleges he remained in jail on the

remainder of his VOP and was released in February 2006. Rodgers alleges his arrest was the

result of lack of investigation by the New Castle Southern patrol unit and the arresting officer.

Rodgers seeks compensation for the time he spent in jail.

## II.    STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal

under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A

provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary

relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable

basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the

standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v.*

*Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007)

(citing *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual

allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson*

*v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406

(2002). Additionally, a complaint must contain "'a short and plain statement of the claim

showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

the. . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127

S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A complaint does

not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of

his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Because plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

III.   **ANALYSIS**

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

While not clear, it appears Rodgers attempts to allege either unlawful incarceration or wrongful prosecution. The complaint, as it now stands, does not apprise the defendants of any action they may have taken that resulted in Rodgers' alleged civil rights violations. Indeed, there is no mention of a specific defendant other than the listing of the defendants in the caption of the complaint and in the defendants section, and Rodgers does not associate any of his allegations with any of the defendants. Therefore, the claim is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and §

1915A(b)(1).

## IV.   CONCLUSION

For the above stated reasons the court finds that the complaint fails to state a claim upon

which relief may be granted.  Rodgers will be given leave to amend the complaint.  An

appropriate  order will be entered dismissing the case.

_____
UNITED STATES DISTRICT JUDGE

July 12         , 2007
Wilmington, Delaware