IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARON J. RODGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 07-203-GMS |
| | ) |
| CARL DANBERG, DETECTIVE | ) |
| SHRINNER, MAYOR KENNY | ) |
| BRANNER, TIMOTHY TEARL, MARIA | ) |
| T. KNOLL, CHIEF COL. RICK | ) |
| GREGORY, and RUTH ANN MINNER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Daron J. Rodgers ("Rodgers"), an inmate at the Delaware Correctional Center ("DCC") filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 5.) His original complaint was dismissed with leave to amend. Rodgers filed an amended complaint on July 26, 2007. The court now proceeds to review and screen the amended complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the amended complaint will be dismissed for failure to state a claim up which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I. BACKGROUND**

Rodgers alleges that on August 30, 2003, he was arrested for the robbery of the

defendant, Timothy Tearl ("Tearl")[1], for an undisclosed amount of money. (D.I. 9, ¶ 2.) He alleges that the defendant, Detective Shrinner ("Shrinner"), informally investigated the matter. *Id.* Rodgers alleges he was at work at the time of the crime. He alleges that on December 20, 2003, he was "hurled" into a plea agreement by the defendant Carl Danberg ("Danberg"), the former Attorney General of the State of Delaware, Maria T. Knoll ("Knoll"), a deputy attorney general, and Shrinner. *Id.* at ¶ 5. Rodgers describes the plea agreement as "a fast track for violation of probation" ("VOP"). *Id.* Rodgers alleges that he rejected the State's plea offer and went to trial on the VOP violation. *Id.* at ¶ 6. He alleges he was maliciously prosecuted on the VOP charge without being found guilty of the robbery charge, and was sentenced to three years Level V, one year at Level IV, six months work release, and six months at Level 4 house confinement. (D.I. 2, ¶ 1, D.I. 9, ¶ 6.)

Rodgers alleges that he was maliciously prosecuted on the robbery charge, went to trial on March 30, 2005, and was found not guilty on all charges. (D.I. 2, ¶ 2; D.I. 9, ¶ 6.) He alleges that had the defendants "investigated to conclusion" his liberty would not have been restrained for 1,095 days. (D.I. 9, ¶ 8.) Plaintiff alleges that despite the exoneration he was denied redress to the court pertaining to his illegal incarceration on the VOP charge violation after the exoneration because a motion to correct sentence was repeatedly denied by the Delaware Superior Court. (D.I. 9, ¶ 7.) He alleges he remained in jail on the remainder of his VOP

---

[1] Tearl was a victim of a crime and is not a state actor. Therefore, Rodgers cannot state a claim against him under 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

sentence, and was released in February 2006.[2] (D.I. 2, ¶ 3.)

Rodgers alleges that Danberg, Mayor Kenny Blanner ("Blanner"), Knoll, and Chief of Police Rick Gregory ("Gregory") failed to properly investigate the matter to its conclusion and thereby violated his right to due process and the prohibition against cruel and unusual punishment. He further alleges that Danberg, Knoll, Shrinner, and Gregory are responsible for prosecuting and administering the illegal incarceration, and for intentionally refusing to remedy the wrong due to their willful, malicious and sadistic prosecution. Rodgers seeks compensatory and punitive damages.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual

---

[2]It appears that plaintiff was again incarcerated after the February 2006 release, since he was housed at the Howard R. Young Correctional Institution on April 8, 2007, when he filed the current action, and is now housed as the Delaware Correctional Center.

allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Because plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. DISCUSSION

#### A. Malicious Prosecution

Having reviewed Rodgers' complaint and amended complaint it is evident that his main allegation is that his constitutional rights were violated when he remained incarcerated on his VOP conviction after he was acquitted of the underlying criminal charges that apparently resulted in the VOP revocation. In Delaware, a probationer with a VOP case may be place on a "fast track" calender when the probationer has been charged with new crimes. *Perry v. State*, 741

A.2d 359, 361 n.3 (1998). As Rodgers alleges, he was offered a "fast track" plea, refused the plea, and went to trial on the VOP charge where he was found guilty and sentenced to serve his remaining sentence.

Rodgers alleges the defendants engaged in malicious prosecution during the "fast track" VOP proceeding. To succeed on a malicious prosecution claim under 42 U.S.C. § 1983, Rodgers must show that (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the proceeding was instituted without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing him to justice; and (5) he suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *See Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003).

Rodgers was found guilty in the VOP hearing and, therefore, cannot state a claim for malicious prosecution. Moreover, the court had authority under Delaware law, to revoke probation on the basis that a probationer has been charged with criminal conduct. *See Evans v. Delaware*, 796 A.2d 654, 2002 WL 742607 (Del. 2002) (table decision). Finally, Rodgers may only challenge his conviction and sentence through a habeas corpus petition, *see Preiser v. Rodriguez*, 411 U.S. 475 (1973), and cannot recover damages for wrongful incarceration until his conviction and sentence has been invalidated. *See Heck v. Humphrey*, 312 U.S. 477 (1994). There are no such allegations. Indeed, Rodgers was on probation as a result of a criminal conviction, and the incarceration of which he complains was the result of his violation of the terms of his probation for that criminal conviction.

Rodgers also uses the terms "malicious prosecution" when referring to the first degree robbery charges and the ensuing trial wherein he was found "not guilty." However, the damages

he seeks are for his "unlawful incarceration," and that incarceration was due to the VOP conditions he apparently violated. Moreover, one of the elements of a malicious prosecution claim is that the proceeding was instituted without probable cause. Rodgers fails to allege the same. Accordingly, the amended complaint will be dismissed pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### B. Statute of Limitations

Finally, it appears that all of Rodgers claims for malicious prosecution, for both the VOP charge and the first degree robbery charge are barred by the applicable limitation period. There is a two year statute of limitation period for § 1983 claims. *See* Del. Code Ann. tit. 10, § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." *Id.* Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. *See Smith v. State*, C.A. No. 99-440-JJF, 2001 WL 845654, at *2 (D. Del. July 24, 2001). The complaint alleges that plaintiff was accused on August 30, 2003 of robbery, tried on VOP charges sometime in late 2003, and in a two day trial beginning on March 30, 2005, tried on the first degree robbery charge.[3] (D.I. 9, ¶ 8.) The complaint was filed on April 8, 2007, approximately one week after the expiration of the two year limitation period.

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth*

---

[3]The court is mindful that Rodgers remained incarcerated until February 2006, a time that falls within the limitation period. That incarceration, however, was a result of finding of guilt on the VOP charge. As previously discussed, because the VOP proceeding did not end in Rodgers' favor there is no cognizable claim under a malicious prosecution theory.

*Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Wakefield v. Moore*, No. 06-1687, 2006 WL 3521883, at *1 (3d Cir. Dec. 7, 2006) (citing *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). It is evident from the face of the complaint and the amended complaint that Rodgers' § 1983 action is barred by the two year limitation period. Therefore, the amended complaint will be dismissed pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

Based upon the foregoing analysis, the amended complaint is dismissed for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

Oct. 18, 2007
Wilmington, Delaware



FILED

OCT 18 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARON J. RODGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 07-203-GMS |
| | ) |
| CARL DANBERG, DETECTIVE SHRINNER, MAYOR KENNY BRANNER, TIMOTHY TEARL, MARIA T. KNOLL, CHIEF COL. RICK GREGORY, and RUTH ANN MINNER, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 18th day of Oct, 2007, for the reasons set forth in the Memorandum issued this date, the amended complaint is DISMISSED for failure to state a claim upon which relief may be granted and as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile.

UNITED STATES DISTRICT JUDGE



FILED
OCT 18 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE